# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1022-17T4

I.O.,

     Plaintiff-Appellant,

v.

M.C.,

     Defendant-Respondent.

_____

     Submitted September 13, 2018 – Decided November 21, 2018

     Before Judges Accurso and Vernoia.

     On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FD-20-1488-05.

     Ziegler, Zemsky & Resnick, attorneys for appellant (Steven M. Resnick, of counsel and on the briefs).

     M.C., respondent pro se.

PER CURIAM

Plaintiff I.O., the father of a fourteen-year-old son, M.O. (Mark),[1] he shares with defendant M.C., appeals from Family Part orders granting defendant's motion to modify a March 17, 2016 parenting time order and directing that the parties develop a schedule for unsupervised parenting time by defendant.[2] Because we conclude the court did not abuse its discretion by determining there were changed circumstances supporting defendant's request for a modification of the March 17, 2016 order, and the evidence supports the court's determination it is in Mark's best interests to have unsupervised parenting time with defendant, we affirm.

I.

Plaintiff and defendant dated prior to Mark's birth in 2003. Following Mark's birth, the parties engaged in ongoing and contentious litigation over

---

[1] We employ initials and pseudonyms for clarity and to protect the privacy of the parties.

[2] Plaintiff appeals from the following orders: a September 15, 2017 order granting defendant's motion to modify a March 17, 2016 order, which required that her parenting time be supervised, and directing that the parties develop a parenting time schedule that includes unsupervised parenting time; an October 12, 2017 order directing unsupervised parenting time for defendant; an October 13, 2017 order modifying the arrangements for defendant's unsupervised parenting time; an October 16, 2017 order denying plaintiff's motion for a stay of the October 13, 2017 order; and an October 27, 2017 order denying plaintiff's motion for an order requiring that defendant's parenting time be supervised.

A-1022-17T4

custody and parenting time issues.  In I.O. v. M.C., No. A-5349-12 (App. Div. Sept. 2, 2014) (slip op. at 2-11, 21), we summarized their litigation history and affirmed a June 28, 2013 Family Part order transferring legal and residential custody of Mark from defendant to plaintiff and temporarily restricting defendant to one hour of supervised parenting time per week.  We relied in part on the trial court's findings that defendant "was unwilling, and perhaps psychologically incapable, of engaging in co-parenting in any meaningful fashion," id. at 17, and that her ongoing refusal to comply with court orders "demonstrated a refusal to co-parent and agree on matters related to Mark," id. at 11.

We also noted the June 28, 2013 Family Part order required that defendant undergo a psychological evaluation for the purpose of "establish[ing] 'a comprehensive parenting time plan.'"  Id. at 20.  We determined that provision of the order was interlocutory and therefore not before us, but noted the trial court "was clearly hoping to expand [defendant's] parenting time in the future" and "[d]oing so should be done on a priority basis, assuming of course, appropriate cooperation from" defendant.  Ibid.

Defendant subsequently underwent a psychiatric evaluation.  In his report, the psychiatrist opined that defendant could safely parent Mark without

supervision and recommended reinstatement of unsupervised parenting time, subject to two caveats: defendant must demonstrate an ability to communicate with plaintiff verbally and electronically in a civil manner, and she must not undermine plaintiff's relationship with Mark.

In March 2015, the court considered the psychiatrist's report, the parenting time supervisor's testimony supporting unsupervised parenting time for defendant, and statements made by then eleven-year-old Mark during an in camera interview of the child. The court entered a March 17, 2015 order granting defendant unsupervised parenting time conditioned on the requirements that she communicate with plaintiff concerning all issues related to Mark and not discuss the case with Mark, undermine plaintiff's parental authority or remove Mark from New Jersey without plaintiff's express written authorization. The order provided that if defendant violated any of its terms, supervised parenting time would be immediately reinstated.

In May 2015, the court entered an order expanding defendant's parenting time to include overnight visits. The court's order continued the conditions imposed in the March 17, 2015 order, including the prohibition against defendant removing Mark from the state without plaintiff's written consent.

As the result of letters sent to the court by the parties concerning parenting time issues, the court conducted a hearing on December 10, 2015. The court determined defendant took Mark on a weekend trip to Virginia without plaintiff's consent in violation of the March 17, 2015 and May 2015 orders, and her violation of the orders was not in Mark's best interests. The court found defendant's violation of the orders and refusal to communicate directly with plaintiff concerning Mark constituted a substantial change in circumstances warranting modification of defendant's parenting time. The court entered a December 10, 2015 order eliminating defendant's overnight parenting time, but permitting continued unsupervised parenting time subject to specified conditions, including a prohibition against removing Mark from the state without plaintiff's written consent.

On March 17, 2016, the court conducted a hearing on defendant's motion for an order compelling Mark's use of both her and plaintiff's surnames, prohibiting plaintiff from recording Mark and plaintiff's telephone conversations, modifying the parenting time schedule and providing make-up parenting time. The court denied defendant's motion.

The court also heard argument on plaintiff's cross-motion for reinstatement of supervised parenting time. The court found defendant violated

5

the prior orders by failing to communicate directly with plaintiff regarding Mark, continuously calling the Division of Child Protection and Permanency instead of communicating with plaintiff, and by involving Mark in matters that should be addressed by defendant and plaintiff. The court found defendant's actions caused Mark harm and that she could not be trusted to have unsupervised parenting time.

The court entered a March 17, 2016 order directing that defendant's parenting time be supervised and limited to four hours per week. The court ordered that if the parties were unable to agree on a supervisor, Resolve Community Counseling Center (Resolve) would supervise defendant's parenting time. The parties did not agree on a supervisor, and defendant's parenting time was thereafter supervised at Resolve. The court denied defendant's motion for reconsideration.

On March 23, 2017, defendant filed a pro se motion seeking "clarification on an end date for supervised visitation" and claiming that the orders limiting her parenting time and requiring that it be supervised were punitive. Defendant requested an order reinstating her "parenting time, unsupervised or with a family member to supervise." Defendant also asserted that Mark "is [thirteen] years old and can determine when he wants to visit with his mother and family" and

6

that Mark "states [plaintiff] does not allow him to call [defendant] and discourages him from contacting" her.

During the July 13, 2017 oral argument on the motion, the court asked about Mark's preferences concerning his mother's supervised parenting time, and plaintiff agreed the court could interview Mark. During the court's subsequent in camera interview of the child, Mark stated he is thirteen years old, entering the eighth grade and wants to spend more time with his mother, including on alternate weekends and during vacations. He also indicated that the presence of the supervisor during defendant's parenting time is annoying, uncomfortable and unnecessary. He feels comfortable and safe with his mother and wants unsupervised parenting time with her.

Over two days in August 2017, the court held a plenary hearing on defendant's application for a modification of the May 17, 2016 parenting time order. The court found there were changed circumstances requiring a plenary hearing as to whether it was in Mark's best interests to modify the parenting time order. More particularly, the court determined the changed circumstances included the fact that Mark was one-and-a-half years older than when the March 17, 2016 parenting time order was entered, and Mark "made it very clear" during

the court's interview that he preferred unsupervised parenting time with defendant.

During the plenary hearing, defendant testified and presented the testimony of a marriage and family therapist from Resolve who supervised some of defendant's parenting time. Plaintiff also testified at the hearing.

Following the hearing, the court issued a detailed written opinion finding plaintiff and defendant had a limited ability to communicate and cooperate in matters related to Mark and that both parties contributed to the problem. The court noted the prior history of the litigation between the parties, but determined that plaintiff and defendant are fit parents who care deeply for Mark, who is thriving socially and in school. The court further found that Mark is entering the eighth grade and is of an age where "his preference in terms of moving forward with parenting time should be a significant factor in the [c]ourt's determination." The court found Mark felt safe with plaintiff and defendant, uncomfortable with continued supervised visitation and desirous of spending unsupervised overnight parenting time. The court determined Mark was no longer the same child who had been interviewed by the judges who issued prior parenting time orders and was now "emotionally and logically mature."

The court further determined that, "with appropriate procedures put into place, [there] is no longer a risk . . . that [Mark's] or either parent's safety is now, or ever has been, in jeopardy." The court found defendant raised Mark for the first eight-and-a-half years of his life and that, during the following five years, her time with the child was limited because she could not communicate with plaintiff and follow court orders. The court determined that "[n]one of her behaviors have ever demonstrated that she is unfit or would ever abuse or neglect" Mark.

The court concluded it was in Mark's best interests for defendant's supervised parenting time to be gradually changed from temporary supervised parenting time by a designated supervisor, and then family and friends, to unsupervised parenting time and unsupervised overnight parenting time. The court entered a September 15, 2017 order directing that the parties agree to develop a communication protocol and progressive parenting time schedule. The court also directed that the parties should present any dispute to the court concerning the parenting time schedule and communication plan.

On October 12, 2017, the court issued an order which in pertinent part granted defendant unsupervised overnight parenting time on alternate weekends. The order limited defendant's travel with Mark to New Jersey, New York,

Connecticut and Pennsylvania, permitted Mark's communication with both parents at any time, and prohibited plaintiff and defendant from making disparaging remarks about the other or discussing any aspect of the litigation with Mark. The court also entered an October 13, 2017 order specifying the location where defendant is required to pick up Mark for her parenting time.

Plaintiff's motion for a stay of the October 13 order was denied on October 16, 2017. Plaintiff filed an emergent application requesting that the court conduct an in camera interview with Mark, direct an updated psychological evaluation of defendant and require supervision of her parenting time. The court entered an October 27, 2017 order denying the emergent application. Plaintiff appealed the court's September 15 and October 12, 13, 16 and 27, 2017 orders.

## II.

On appeal, plaintiff argues the court erred by finding there were changed circumstances permitting the court's consideration of defendant's motion to modify the March 17, 2016 order, which allowed her only four hours of supervised parenting time each week. Plaintiff further argues that even if defendant demonstrated changed circumstances requiring a plenary hearing on defendant's request for modification of the March 17, 2016 order, she failed to

prove changed circumstances supporting the court's order granting her unsupervised overnight parenting time.

"Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding," Cesare v. Cesare, 154 N.J. 394, 413 (1998), "provided [it is] supported by adequate, substantial, and credible evidence in the record," D.A. v. R.C., 438 N.J. Super. 431, 451 (App. Div. 2014). A court's legal determinations are not entitled to any special deference. In re Forfeiture of Personal Weapons of F.M., 225 N.J. 487, 506 (2016). We review questions of law de novo. Ibid.

In custody determinations, "the primary and overarching consideration is the best interest of the child." Kinsella v. Kinsella, 150 N.J. 276, 317 (1997). This inquiry focuses on the "'safety, happiness, physical, mental and moral welfare' of the children." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (quoting Fantony v. Fantony, 21 N.J. 525, 536 (1956)).

A party seeking a modification of a parenting time order "must meet the burden of showing changed circumstances and that the [prior order] is now not in the best interests of a child." Abouzahr v. Matera-Abouzahr, 361 N.J. Super. 135, 152 (App. Div. 2003); see also Lepis v. Lepis, 83 N.J. 139, 157 (1980). "[T]he burden is on the party seeking modification to show that, 'due to a

substantial change in circumstances from the time that the current . . . arrangement was established, the best interests of the child would be better served by'" the requested modification. Chen v. Heller, 334 N.J. Super. 361, 380 (App. Div. 2000) (quoting Voit v. Voit, 317 N.J. Super. 103, 121 (Ch. Div. 1998)).

Family Part judges "are regularly called upon to make exceedingly difficult and delicate decisions as to the best interest of children, and we are obliged to give deference to both their findings and the exercise of their sound discretion." Abouzahr, 361 N.J. Super. at 157. A trial court misuses its discretion by making a decision without a rational basis, inexplicably departing from established policies, or resting its decision on an impermissible basis. US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

Plaintiff argues the court abused its discretion by finding defendant made a prima facie showing of changed circumstances warranting a hearing as to whether the requested modification of the March 17, 2016 parenting time order was in Mark's best interests. He contends defendant relied solely on the passage of time since the entry of the order and failed to demonstrate any change in the circumstances—her consistent failure to abide by prior parenting orders—which

provided the basis for the prior order's supervised parenting time requirement. We disagree.

Based on our review of the record, we are convinced the court did not abuse its discretion by finding defendant demonstrated sufficient changed circumstances warranting consideration of defendant's motion to modify the March 17, 2016 parenting time order. When the order was entered, the court did not consider Mark's preferences concerning defendant's parenting time. Sixteen months later, at the July 13, 2017 oral argument on defendant's modification motion, however, plaintiff consented to a court interview of Mark to determine his parenting time preferences.

Based on the interview, the court determined Mark "is a mature and intelligent [teenager] who is able to articulate his preference . . . in a positive and logical fashion" and is of an "age [where] his preference in terms of moving forward with parenting time should be a significant factor in the [c]ourt's determination" of defendant's request for a modification of parenting time. See N.J.S.A. 9:2-4(c) (requiring that, in making a custody determination, the court shall consider "the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision"); see also Palermo v. Palermo, 164 N.J. Super. 492, 499 (App. Div. 1978) (stating that "the 'opinions' or

13

expressed preference of the child to live with [one parent over the other are] not controlling[, b]ut it is one of the factors which may properly influence the trial judge's decision"). The court further found that Mark feels safe with defendant and perceives the supervised parenting time imposed pursuant to the March 17, 2016 order as uncomfortable and unnecessary. Mark's clearly stated preference is for unsupervised parenting time with defendant at her home in the neighborhood where he resided for the first eight-and-a-half years of his life.

The court's determination that there were changed circumstances is supported by its finding that the Mark it interviewed "is not the child that he was when interviewed" by the judges who heard prior motions in the case. In other words, the court determined that the change in Mark's level of maturity, his perception that the supervised visitation was unnecessary, and his clearly and logically articulated preference for unsupervised parenting time with his mother constituted changed circumstances directly related to Mark's best interests. We are convinced the record supports the court's determination and are satisfied the court did not abuse its discretion by finding the changed circumstances warranted consideration of defendant's modification motion.

Plaintiff also argues the court erred in finding, after the plenary hearing, that it was in Mark's best interests for the court to order a gradual transition to

14                                                                                          A-1022-17T4

unsupervised parenting time for defendant.  We find the argument lacks sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E). We add only that we have reviewed the record, and the court's detailed findings of fact are supported by substantial credible evidence.  Moreover, its determination that Mark's best interests are served by enjoying unsupervised parenting time with defendant rests on a rational basis and, therefore, does not constitute an abuse of discretion.  See US Bank Nat. Ass'n, 209 N.J. at 467; see also P.T. v. M.S., 325 N.J. Super. 193, 215 (App. Div. 1999) (quoting Giangeruso v. Giangeruso, 310 N.J. Super. 476, 479 (Ch. Div. 1997)) (finding that in issues of custody and visitation, "[t]he question is always what is in the best interests of the children").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1022-17T4